■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY JAKUBAUSKAS, Appellant.— Judgment of the Supreme Court, Queens County, rendered April 21, 1967, convicting defendant of robbery in the third degree, upon a plea of guilty, and sentencing him to a minimum of five years and a maximum of seven and a half years, modified, on the facts, by reducing the minimum term to three years. As so modified, judgment affirmed. Upon an examination of the probation report and the record in this case, it is our opinion that the interests of justice will be served by a reduction of the minimum sentence to three years. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTOINETTE LEWOC, Appellant.— Judgment of the County Court, Nassau County, rendered August 22, 1967, modified, on the facts, by reducing the sentence (two years six months to five years) to a minimum of one year and a maximum of five years. As so modified, judgment affirmed. In our opinion, under the circumstances presented, the sentence was excessive. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE LIPSCOMB, Appellant.— Judgment of the Supreme Court, Kings County, rendered December 20, 1965, affirmed. In our opinion, the " totality of circumstances " surrounding the confrontation requires a conclusion that the identification, the connection of defendant with the crime, and his conviction did not result in depriving him of due process of law (cf. *Stovall* v. *Denno*, 388 U. S. 293; *People* v. *Ali*, 29 A D 2d 779). Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.